UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:20-CV-23449-BLOOM/LOUIS

JULIE FERRO,

    Plaintiff,

v.

DOCTORS HEALTHCARE PLANS,

INC., *et al*.,

    Defendants.

_____/

## ORDER ON MOTION TO QUASH

**THIS CAUSE** comes before the Court on Defendants Doctors HealthCare Plans, Inc. ("DHCP') and Rafael Perez's (collectively "Defendants"), Motion to Quash and/or Motion for Protective Order Regarding Subpoenas Issued to Employees of Doctors Healthcare Plans, Inc. ("Motion to Quash") (ECF No. 19). Plaintiff filed a Response (ECF No. 21), Defendants filed a Reply (ECF No. 25), and a hearing was conducted on the Motion to Quash on April 20, 2021. As explained in open court, the Motion is denied, but the demands of the subpoenas will be narrowed, as explained below.

Plaintiff brings this suit following her termination by Defendants during the pandemic, which she alleges was discriminatorily motivated by her age and/or medical issues. Defendants respond that Plaintiff was fired for poor performance, relating to one event in particular. At issue in the present motion are five subpoenas that Plaintiff issued to DHCP's current employees, seeking text messages or other electronic communications about Plaintiff's health, job performance, compensation, separation of employment, and/or her claims against Defendants.

1

Though Defendants are not subpoena recipients, "courts in the Eleventh Circuit have repeatedly held that a party may challenge a subpoena directed at a nonparty if the subpoena requests irrelevant information." *Bush Truck Leasing, Inc. v. Off. Depot, Inc.*, No. 11-80026-CIV, 2011 WL 13228102, at *3 (S.D. Fla. May 9, 2011). Defendants indeed challenge the relevance of the documents sought in the subpoenas, arguing that none of the five subpoenaed employees were in Plaintiff's chain of command. As explained at the hearing, the Court finds that communications between the five employees subpoenaed and Defendant Rafael Perez about Plaintiff's health or job performance are relevant to Plaintiff's claims. The remaining challenges raised by Defendants relate not to relevance but to burden, for which Defendants lack standing to object.

Nonetheless, the Court is guided by Federal Rule of Civil Procedure 45, which requires a court to modify a subpoena "imposing undue burden or expense" on the responding party. Fed. R. Civ. P. 45(d)(1). In this case, the Court recognizes the potential for near overlap in Defendants' production of communications from his own phone, and the communications sought in the subpoenas. Indeed, Defendants argued in the Motion to Quash that the subpoena demands duplicated requests propounded to the Defendants pursuant to Federal Rule of Civil Procedure 34. However, Defendants have not *produced* any of the responsive documents they contend would moot Plaintiff's subpoena. Thus, while optimistic about the prospect of relieving the subpoena recipients of the burden of responding, the Court will require Defendants' production, Plaintiff's review, and meaningful conferral before resolving any further disputes regarding the scope of the subpoena.

The Motion to Quash is denied. Defendants shall produce, within seven days, responsive text message communications collected from Defendant Perez's telephone and those collected from Elba Reyes' telephone. Counsel represented that forensic copies of the telephones have not

been imaged and Defendants are relying on manual searches of the subject phones to collect the responsive text messages, including those maintained by custodian Reyes. Responsive text messages to be produced from Ms. Reyes are not limited to communications with Plaintiff but shall include communications with Perez. As explained at the hearing, Defendants' duty to collect and produce from Ms. Reyes is pursuant to Rule 34 and is not necessarily in satisfaction of the subpoena. With that note of warning, and with the Court's expectation that the Parties will cooperatively strive to maximize efficiency, the Parties are strongly encouraged to confer regarding the manner of collection and identification of responsive messages.

Additionally, the Parties are required to confer following production of the responsive text message communications in effort to agree about the scope of the subpoenas and reduce the expense and burden imposed on the subpoena recipients pursuant to Federal Rule of Civil Procedure 45.[1] A status conference is set for May 5, 2021 at 9:30 a.m., which participants may attend by dialing: 1 (866) 434-5269, entering access code number 9978869 followed by the (#) sign, entering security code number 5710 followed by the (#) sign. At that time, any remaining contentions regarding the subpoenas that were not resolved during conferral shall be addressed.

Pursuant to Federal Rule of Civil Procedure 37(a)(5), no costs have been shifted for raising these disputes. Though denied, Defendants' Motion to Quash raised a challenge that was substantially justified.

**DONE AND ORDERED** the 20th day of April, 2021, at Miami, Florida.

_____
LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE

---

[1] Defense counsel does not represent the witnesses but acknowledged that his firm would coordinate their response to the subpoena and would confer with Plaintiff's counsel regarding scope.